JORDAN, Respondent, v. ANDERSON, Appellant.

(155 N. W. 769.)

(File No. 3804.    Opinion filed December 31, 1915.)

1.    Brokers—Recovery of Commission—Evidence of Employment—
        Conversation With Land Owner, Competency—Sufficiency of
        Evidence.

In a suit by a real estate broker to recover a commission, his testimony that he in conversation told defendant that he had land for exchange; that defendant put a value on the building and stock to be exchanged, and asked plaintiff what he would charge; that plaintiff told him 2 %, and defendant said that was all right; and that plaintiff wrote a certain land man and told defendant he had done so, and where the land was situated, and that they set a day to go an see it—was competent evidence to establish, and if believed by the jury, was sufficient to establish, the employment.

2.    Trials—Instructions Submitting Issue of Broker's Employment—
        Effect of Verdict.

Where, in a suit to recover a broker's commission, plaintiff alleged, and introduced testimony tending to sustain the allegations that defendant agreed, in case plaintiff should find a purchaser for defendant's building and stock in trade with whom defendant could effect a trade for land upon satisfactory terms, he would pay plaintiff 2 % of the trading price of the store and stock, the building being priced and the stock to go in at invoice, and that plaintiff was the cause of defendant coming in contact with a named firm with whom defendant traded at a satisfactory price; the answer containing a general denial and an allegation that plaintiff was not defendant's agent, but was the agent of said firm, from whom he had received a commission in the trade; held, that an instruction that defendant denied that he made the agreement claimed by plaintiff, and that the first and most important question is, "Did

defendant so agree? If you find that he did not, that, of course, would end the case and your verdict should be" for defendant, submitted the question clearly to the jury, and, the verdict having been for plaintiff, settled the question of employment in his favor.

3. **Trials—Indefinite Evidence—Failure to Object, or Move to Strike, Effect.**

Where, in a suit to recover a broker's commission, involving the question whether plaintiff had performed the alleged agreement with defendant for exchange of his property for land, a witness for plaintiff testified that defendant told him that a man in a certain town had engineered the trade for him, and that he had agreed to pay him 2% (the amount claimed by plaintiff), but did not name the man in question, held, that, said testimony not having been objected to when offered, as indefinite and as not connecting plaintiff with the trade, and no motion to strike it out having been made, defendant cannot question the competency of the testimony for the first time on appeal.

4. **Trials—Broker's Commission Agreement—Objection to Evidence—Indefinite Motion to Strike out, Effect—Harmless Error.**

Where, in a suit to recover a real estate broker's commission, defendant undertook to narrate a conversation between him and plaintiff relative to the alleged contract of employment, and testified that he said that, "if I found anything that suited me, of course, I would trade, but not for him to go out for me;" and plaintiff moved to strike out the "last part of the answer," which motion was granted, held, that it does not appear from the record what part, or how much of the answer the motion was intended to reach, the question eliciting the answer not being preserved therein, while defendant contends the answer was directly responsive; and while it appears to be immaterial to the issue, defendant was not prejudiced by having the last part of the answer stricken, the answer itself indicating that defendant declined to accept plaintiff's services; but, it further appearing that if defendant made such statement to plaintiff, he changed his mind afterwards, since he proceeded to go with plaintiff as the latter testified he had agreed to do, and such ruling, if erroneous, was without prejudice.

5. **Brokers—Agency, Distinct from "Middleman"—Double Commission—Defense of Agency for the Other Party, Materiality.**

Where, in a suit to recover a land broker's commission for bringing the parties, who effected a trade, together, defendant alleged that plaintiff was not defendant's agent but was the agent of and charged and received a commission from the firm

with whom defendant dealt, **held,** in determining whether the evidence supported the verdict for plaintiff, that, as plaintiff disclaimed having acted as defendant's agent, but that he was employed by defendant only to find a purchaser with whom defendant could trade for land, although admitting he charged a commission to said firm, it is immaterial whether he received the commission from such firm; that where one seeking to recover commissions has taken no part in the transaction except to bring the trading parties together, he is entitled to recover from both parties, although each was ignorant of the employment by the other.

Appeal from Circuit Court, Clay County.    Hon. RORERT B. TRIPP, Judge.

Action by Thomas Jordan, against O. G. Anderson, to recover a commission as a land broker.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

*Thomas Sterling,* and *Payne & Olson,* for Appellant.
*Gunderson & Gunderson,* for Respondent.

(1) To point one of the opinion, Respondent cited:    Langford v. Issenhuth, (S. D.) 134 N. W. 889.

(4) Under point four of the opinion, Appellant submitted that:    The ruling of the court striking out a material statement, and one warranting such reasonable construction by the jury in favor of the defendant, was prejudicial.

(5) To point five of the opinion, Appellant cited:    23 Ency. Law, 900, Vol. 1a; Vol, 2; 19 Cyc. 196; Halsey v. Monteiro, 24 S. E. 258, 92 Va. 581; Carpenter v. Fisher, 175 Mass. 9, 55 N. E. 479; 19 Cyc. 196; Smith v. McGovern, 65 N. Y. 574; Sievers v. Griffin, 14 Ill. App. 63; Langford v. Issenhuth, 134 N. W. 889; Dartt v. Sorensen, 86 Minn. 55; 90 N. W. 115; Raisin v. Clark, 41 Md. 158, 20 Am. Rep. 66; Scribner v. Collar, 40 Mich. 375, 29 Am. Rep. 541; Hale v. Knapp, 134 Mich. 622, 96 N. W. 1060.

POLLEY, J.    Plaintiff brought this action to recover a commission on a certain land deal, of which he claims to have been the procuring cause.    In his complaint, he alleges that, on or about the 1st day of June, 1910, the defendant listed with plaintiff, as a middleman, a certain store building, with fixtures, and a stock of merchandise, situated in the city of Vermillion, for the purpose of trading the same for land; and that defendant agreed that, in

case plaintiff should find a purchaser with whom defendant could effect a trade for land upon satisfactory terms, he would pay plaintiff for his services, as such middleman, a commission equal in amount to two per cent. of the trading price of said store building and stock of merchandise; that defendant fixed the price on the store building and lot occupied thereby at $10,000; and that the stock of merchandise was to go in at invoice price. He further alleges that he was the cause of bringing defendant in contact with the H. C. Webber Land Company for the purpose of making such trade, and that defendant traded his said store and stock of merchandise to said company at a price and upon terms satisfactory to himself. To this complaint defendant interposed a general denial, but, during the trial, amended his answer by alleging that that plaintiff was not the agent of defendant, but acted as the agent of the said H. C. Webber Land Company in negotiating the said trade; that he had charged and received a commission from said land company and, for that reason, was not entitled to a commission from plaintiff. Plaintiff had judgment, and, from said judgment and an order denying a new trial, defendant appeals.

Defendant contends: First, that he never employed plaintiff to act for him in disposing of his said store building and stock of merchandise; second, that plaintiff acted as the agent of the said H. C. Webber Land Company in making said trade; third, that the trial court erred to his prejudice in the admission and rejection of testimony and in its instructions to the jury; and, fourth, that the evidence is insufficient to support the verdict.

[1, 2] Upon the question of employment, plaintiff testified as follows:

"The conversation was like this: If I could find a man that he could deal with—I told him I had land for exchange, and I told him I would write. In that conversation he put a value of $10,000 on the building. The stock was to go at invoice price. He asked me what I would charge. I told him 2 per cent. He said that was all right. That is all there was to it. I wrote a land man, Skinner. I told Mr. Anderson that. I told him Skinner had the land at Wessington Springs or up in that country, and we set the day to go, the 4th of July."

This testimony was competent and sufficient, if believed by

the jury, to establish the employment, and, upon this question, the court charged the jury as follows:

"Mr. Anderson denies that he ever made any such an agreement as this claimed with Mr. Jordan, so the first and important question in the case is: Did Mr. Anderson so agree? If you find that he did not, that, of course, would end the case and your verdict should be in favor of Mr. Anderson."

This submitted the question squarely to the jury, and, the verdict having been for plaintiff, settled the question of employment in his favor.

[3] To show a performance of the above agreement, plaintiff testified that, on the 4th day of July, he and defendant started from Vermillion, going first to Mitchell and from there to the town of Farmer, where they were met by the said Skinner; that they stayed all night with Skinner, and, next morning, he took them out through the country and showed them a number of pieces of land. Defendant saw nothing that suited him there, and, in the afternoon, Skinner took them to Wessington Springs, where he introduced them to Mr. Webber, of the H. C. Webber Land Company, and for which company Skinner was acting as agent. On the following morning, an employe of the said land company took them out in an automobile and showed defendant a number of tracts of land that were for sale by that company, and, on their return to Wessington Springs, defendant made a deal with Mr. Webber whereby he traded said property in Vermillion for one of said tracts of land. In corroboration of this testimony, plaintiff called a witness, who testified that he had a conversation with defendant, about the month of July, 1910, in which defendant told the witness that he had traded his store for land; that a land man in Vermillion had engineered the deal for him; and that he had agreed to pay him two per cent. But he did not say who the land man was, nor mention plaintiff's name. Defendant now complains of this testimony on the ground that it is indefinite and does not connect plaintiff with the said trade. This testimony is indefinite and, except inferentially, does not connect plaintiff with the transaction in any way; but it appears to have gone in without objection and was allowed to stand without a motion to strike it out, and surely it cannot be questioned for the first time in this court. Defendant admitted the entire transaction just as testified to by

plaintiff, except that he denied that plaintiff was working for him, and testified that plaintiff asked him to go along for company, and that he (defendant) went along for a pleasure trip. This issue was submitted to the jury upon the following instruction:

"Was Mr. Jordan the one who furnished or procured for Mr. Anderson, the purchaser, the Webber Land Company, that afterward purchased or traded for Mr. Anderson's store and stock of goods here? For a real estate agent, or middleman, as the plaintiff in this case has termed himself, to have procured the purchaser, or the one with whom the trade or exchange was made, he must have been the original discoverer or finder of the person for Mr. Anderson, and with whom he negotiated and to whom he afterward sold or traded his store and stock of goods. If Mr. Jordan was not such original finder or discoverer of that purchaser, the land company, he would not be the procurer of a purchaser within the meaning of the law or the allegations of his complaint in this case upon which he seeks to recover from Mr. Anderson. In short, Mr. Jordan must have been the one that was originally instrumental in bringing the parties together so that that trade or exchange was effected."

[4] During the trial, defendant undertook to narrate the conversation that took place between him and plaintiff relative to the alleged contract of employment. Among other things, he testified:

"I said that if I found anything that suited me, of course, I would trade, but not for him to go out for me."

Plaintiff moved that the "last part of the answer be stricken out." The motion was granted, and defendant excepts. Just what part, or how much, of the answer this motion was intended to reach, or upon what theory it was granted, does not appear from the record before us. The question that elicited the answer is not preserved in the printed record. Defendant contends that the answer was directly responsive, and it appears to be material to the issue that was being tried. But we are unable to see how defendant was prejudiced by having the last part of the answer stricken out. The answer indicates that defendant declined to accept plaintiff's services and, had defendant gone no further with the matter, might have precluded plaintiff's recovery.

But, if he ever made such a statement to plaintiff, he must have changed his mind afterward, for he proceeded with the plaintiff just as plaintiff testified he had agreed to do; so, that, if the ruling complained of was erroneous, it was without prejudice.

[5] Whether the evidence is sufficient to support the verdict or not depends upon whether plaintiff acted as the agent of the defendant in making said trade, or whether he acted as a "middleman" only in bringing the defendant and the said Webber Land Company together. In defendant's amended answer he alleges that, at the time of the making of the alleged contract of employment, plaintiff was the agent of the said Land Company; that he acted as the agent of that company in making said trade; and that he charged to and received a commission from that company for services rendered in effecting said trade. Plaintiff admitted that he had charged a commission to said company, but whether it was ever paid or not is wholly immaterial. If he was employed as agent for defendant in making said trade, he could not act as agent for said land company at the same time, and an attempt to collect a commission from that company would preclude him from collecting a commission from defendant for services rendered in the same transaction. But plaintiff contends that he was not acting as the agent of defendant in the making of said trade; that he was employed only to find a purchaser with whom defendant could trade for land, upon terms satisfactory to himself.

The distinction between a real estate agent and a mere middleman is discussed at considerable length in Langford v. Issenhuth, 28 S. D. 451, 134 N. W. 889. In that case we held that, where a plaintiff seeking to recover commissions has taken no part in the transaction other than to bring the buyer and seller together, he is entitled to recover from both parties, and it is immaterial whether either of the parties to the trade knew of plaintiff's employment by the other. In Ranney v. Donovan, 78 Mich. 318, 44 N. W. 276, it is said:

"A broker who merely brings the parties together, and has no hand in the negotiations between them, and where they make their own bargain without his aid or interference, can receive legally a compensation from both of them, though each was ignorant of his employment by the other."

This language is particularly pertinent to this case. The trial

court instructed the jury that a "middle man" is one whose duties are limited by his contract to procuring a purchaser to take the property, as applied to this case, on terms satisfactory to his employer, while a "real estate agent," as defined in defendant's answer, is one who, in addition to the duties of a middleman, is also employed to exercise discretionary authority in the interest and for the benefit of his employer. Plaintiff claims that his employment was that of middleman only, and there certainly is no evidence in the case to show that he was ever anything more than that, or that he ever assumed to be anything more. Defendant in his brief says:

"True, the plaintiff piloted the defendant to Farmer, where they found Skinner, but thence forward plaintiff was a cipher."

This admits plaintiff's whole case. But plaintiff did more than to pilot defendant to Farmer. He accompanied plaintiff and Skinner to Wessington Springs, where they met the officers of the Webber Company; but Skinner was the agent of that company, and it was not essential that plaintiff should have gone farther than Farmer. The fact that defendant was piloted by plaintiff shows that defendant found both Skinner and the Webber Land Company through the instrumentality of plaintiff, and the fact that plaintiff "thence forward became a cipher" shows that he took no part in the negotiations that culminated in the exchange of properties. Upon the whole record, we believe that the jury was justified in finding that plaintiff was employed by defendant; that plaintiff was the procuring cause of bringing about the exchange between defendant and the Webber Land Company; and that plaintiff is entitled to a commission from defendant.

The judgment and order appealed from are affirmed.

SMITH, J., not sitting.